# STATE OF CONNECTICUT.

---

## COUNTIES OF NEW LONDON AND WINDHAM.

### MARCH TERM, 1873.

#### Present,

PARK, CARPENTER, FOSTER AND SEYMOUR, JS.

---

JOHN T. WAIT AND OTHERS, EXECUTORS, *vs.* MARY HUNTINGTON
AND OTHERS.

A will contained the following provision : " Should any questions arise as to the meaning of this instrument, I direct that the distribution of my estate shall be made to such persons and associations as my executors shall determine to be my intended legatees and devisees, and their construction of my will shall be binding upon all parties interested." Three executors were named, one of whom was interested as a legatee and another was a near relative of one of the legatees. Held—1. That the provision in question was a qualification of all the legacies and devises, which the testator had full power to make.—2. That the executors had full power to act in the matter, and that their interest and relationship did not affect their power.—3. That if their power was abused a court of equity would restrain them.—4. That the executor directly interested might properly decline to act upon any matter affecting his interest.

BILL IN EQUITY, by the executors of the will of Jedediah Huntington, asking advice as to the construction of sundry clauses of the will ; brought to the Superior Court in New

VOL. XL.—2

London County, and reserved, upon a finding of the facts, for the advice of this court. The devisees and legatees of the will were made respondents. The case is sufficiently stated in the opinion.

*Halsey,* with whom was *Wait* and *Hovey,* for the petitioners.

*Pratt,* for the respondents.

SEYMOUR, J.   Jedediah Huntington, late of Norwich, made his will April 26th, 1871, and therein appointed the petitioners executors of the same. They have accepted the trust and are proceeding with the settlement of his estate. They seek the advice of the court upon several questions which have arisen respecting the construction of the will. On the 7th of August, 1871, Mr. Huntington made a codicil to his will, in which codicil he expresses the desire that the same be made part of his original will to all intents and purposes. The 17th clause of the will is as follows: "Should any informality appear or questions arise as to the meaning or legal construction of this instrument, I hereby direct that the distribution of my estate shall be made to such persons and associations as my executors shall determine to be my intended legatees and devisees, and their construction of my will shall be binding upon all parties interested."

The first question submitted to us by the petition is, "Whether the petitioners, as executors of said will, have jurisdiction to determine in case of dispute what persons and associations were intended by the testator to be his devisees and legatees, and what portion of the estate such persons and associations are entitled to under the will, and whether the construction of the will by the petitioners as such executors will be binding upon the parties interested."

We have not had the aid of a thorough discussion of this question at the bar, the petitioners saying they are willing to exercise the powers conferred by said 17th clause and that they are agreed upon all questions touching the proper construction of the will and the manner of executing it, but that they have no desire to entertain the jurisdiction which the

clause in terms confers, and prefer that the court, rather than they themselves, should settle all controverted questions. They therefore submit this preliminary question to us without argument.

The respondents likewise submit this point without argument, being entirely willing, as they say, to submit to whatever construction the executors may give to the will.

Nor on this question do we have the aid of authorities, being unable to find cases bearing directly on the point.

Upon the best reflection we are able to give to the matter it appears—1st. That it was the clear wish of the testator that the executors of his will should be a domestic tribunal to settle the meaning and legal construction of the instrument. 2d. It is eminently proper that the executors and all persons interested should conform, as it seems they are entirely willing to do, to this clearly expressed wish. 3d. If the executors act under the power conferred upon them by the clause in question, their construction will be binding upon the beneficiaries under the will, subject to certain necessary qualifications which we will notice.

In the improbable contingency of a clear abuse of the power, such abuse would undoubtedly be restrained and corrected, for the power of the executors is not so absolute and unlimited as to be beyond the control of the court. So too, in order to give jurisdiction to the executors, there must be a bonâ fide question. Under the name and pretence of construction they may not arbitrarily transfer the testator's gifts from the real and proper objects of his bounty. Subject to these and the like qualifications, we think the testator may safely be indulged in the enlarged control over his property which he exercises through the clause in question.

It is familiar law that a testator may confer on executors and on others absolute power of appointment and disposition over his property. So he may annex conditions and qualifications to his bequests not repugnant to law and good policy. All the objects of Mr. Huntington's bounty under his will take their gifts subject to this condition, that they shall submit to the decision of a tribunal created by the testator him-

aelf, all the questions that may arise among themselves in relation to the meaning and construction of his will. This qualification is annexed by the testator to each and every of his bequests, and to it his devisees and legatees, so far as they are represented before us, cheerfully submit, and by it we think they are bound.

It appears that one of the executors takes beneficial interests under the will and another of them is nearly related to legatees. These executors are therefore interested more or less remotely in questions connected with the construction and execution of the will, and it is understood that they have for this cause hesitated to act under the power conferred on them.

The testator however was fully aware of the relation in which these gentlemen stand to his estate, and he was willing to entrust them with the power under consideration, their interest notwithstanding. We do not feel authorized to make a disqualification which the testator did not see fit to make. Where however an executor is directly interested he may properly excuse himself from acting upon the matter thus affecting his interests.

The executors being unanimous in their views of the proper construction of this will, and the questions submitted to us other than that already decided being in our opinion proper subjects for the jurisdiction of the executors, we forbear to express any opinion upon any other of the various questions discussed at the bar.

The superior court is advised to pass a decree conforming to the foregoing opinion.

In this opinion the other judges concurred.