## Raudenbach's Appeal.
## Knoble's Estate.

1. No presumption of an intent to die intestate as to any part of an estate is to be made when the words of· the testator will carry the whole.

2. The grammatical construction of language is always entitled to weight in the interpretation of the true meaning of a will, but when it is used by one evidently not familiar with grammatical rules the force of such construction is materially diminished.

April 3d 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and TRUNKEY, JJ.

Appeal from the Orphans' Court of *Northampton county :* Of January Term 1878, No. 246.

[Raudenbach's Appeal.]

Appeal of William Raudenbach and others from the decree of the court confirming the report of the auditor, and making distribution of the estate of John Knoble, deceased.

Knoble died in 1875, leaving a will wherein he directed his real and personal property to be sold by his executors, his debts and funeral expenses to be paid, and after making sundry specific bequests, bequeathed the residue of his estate, as follows:

" The remainder to be divided into three equal parts, one part to go to my wife's (Sarah Knoble's) brothers and sisters, and if any of the above be deceased to their lawful heirs: the remaining two parts to be divided equally into four parts, and to go to my brothers and sisters, and if they be deceased, to their lawful heirs, with the exception of Eliza Raudenbach's heirs—they are to receive but one-fifth of such a share."

The testator had two brothers and two sisters, one of whom was Elizabeth Raudenbach, and all of whom died before the testator, leaving issue surviving them.    Under the provisions of the above clause of the will, the heirs of Eliza Raudenbach claimed that they were entitled to one-fifth of two-thirds of said residue.    The auditor, however, only allowed them one-fifth of one-fourth of said two-thirds of said residue, and the court, Meyers, P. J.; sustained this construction of the will in an opinion, saying:

" It is contended by the exceptants that the ' share' in the clause, with the exception of Elizabeth Raudenbach's heirs, they are to have and receive one-fifth of such a ' share,' refers to the first division of the entire residuary estate into ' three equal parts,' and as one part was to go to the brothers and sisters of the testator's deceased wife, the remaining two equal parts constitute the share of which Elizabeth Raudenbach's heirs are to have one-fifth.

" The auditor in making distribution of the two equal parts of said residue, interpreted the will to mean that Elizabeth Raudenbach's heirs were entitled together to the one-fifth of the said one-fourth equal part in which the two equal parts of the said residue was to be divided.    We think the auditor was correct in his construction.

" It will be observed that nowhere else in the will is the word *share* used, except in the clause above stated.    In speaking of the division of the entire residuary estate, the testator uses the words ' to be divided into three equal parts,' and after disposing ' one part,' directs ' the remaining two parts to be divided equally into four parts, and to go to my brothers and sisters, and if they be deceased to their lawful heirs, with the exception of Elizabeth Raudenbach's heirs, they are to have and receive but one-fifth of such a share.'

" What share or part does the testator here refer to ?    Had the clause terminated with the word ' one-fifth,' there would be little doubt that the proper construction would be that Eliza Raudenbach's heirs were entitled to the one-fifth of the said ' two remaining parts,' but when the testator adds the words, ' of such a share,' immedi-

ately following the words ' one-fifth,' the mind almost instinctively applies said words ' of such a share to the one-fourth part immediately preceding as the share, and not to the words, ' two remaining parts,' more remote.

" It is possible that it may have been the intention of the testator that Mrs. Raudenbach's heirs should have one-fifth of said remaining two parts, and that this was the share he had in view, but in the absence of anything else in the will indicative of such an intent, we would not be warranted to construe it in that way, which would not only violate the ordinary rules of syntax, but would be entirely at variance with the impression which a mere reading of the will and the language makes on the mind.

" The effect of this construction of the will is that as to a portion of the residuary estate the testator died intestate, to wit: of four-fifths of said one-fourth equal part into which the two-thirds of said residuary estate was to be divided; or two-fifteenths of the entire residuary estate."

The court then directed a distribution in accordance with the foregoing opinion, and from this decree the heirs of Eliza Raudenbach took this appeal.

*A. S. Knecht*, for appellants.

*William Beidelman*, for appellees.

Mr. Justice PAXSON delivered the opinion of the court, May 6th 1878.

The contention in this case arises upon the construction of that portion of the will of John Knoble, deceased, in which he disposes of the remainder of his estate. The clause referred to is as follows: " The remainder to be divided into three equal parts, one part to go to my wife's (Sarah Knoble's) brothers and sisters, and if any of the above be deceased, to their lawful heirs, the remaining two-thirds to be equally divided into four parts and to go to my brothers and sisters, and if they be deceased, to their lawful heirs, with the exception of Eliza Raudenbach's heirs, they are to have and receive but one-fifth of such a share." The appellants, who are the heirs of Eliza Raudenbach, deceased, claim the one-fifth of the two-thirds of the residue. The auditor and the court below gave them but one-fifth of one-fourth of two-thirds. The court also held that as to the other four-fifths of one-fourth the testator died intestate.

There is an admitted obscurity in this part of the will. The intention of the testator in regard to Mrs. Raudenbach's heirs is not clearly expressed. It is very plain, however, that he did not intend to die intestate as to any portion of his estate. He first gives a number of pecuniary legacies and then proceeds to dispose of the remainder as above stated.

[Raudenbach's Appeal.]

"No presumption of an intent to die intestate as to any part of the estate is to be made when the words of the testator will carry the whole:" Stehman *v.* Stehman, 1 Watts 466; Little's Appeal, 31 P. F. Smith 190.   The fact that the learned judge of the court below was driven by the stress of his position to hold that the testator died intestate as to four-fifths of the one-fourth of the two-thirds of the residue, would of itself lead us to doubt the soundness of the course of reasoning by which he arrived at such a conclusion. An examination of the residuary clause shows that the testator divided the remainder into two parts or shares, one part, consisting of one-third, he gives to his wife's brothers and sisters as a class; the other share, consisting of two-thirds, he gives to his own brothers and sisters as a class.   So far there is no difficulty; but here he evinces an intention of giving the heirs of his deceased sister, Eliza Raudenbach, less than the others, and he accordingly gives them "one-fifth of such a share."   He had two brothers and two sisters, all of whom were deceased, leaving issue; were the share (two-thirds) set apart for them to be equally divided, the heirs of each brother and sister would get one-fourth.   But the testator says Eliza's heirs shall have only one-fifth.   One-fifth of what?   Evidently one-fifth of the share (two-thirds) set apart for his own brothers and sisters.   This would give the heirs of the other brothers and sisters the remaining four-fifths of the two thirds, and disposes of the whole estate without an intestacy as to any portion thereof.   Looking at the entire will and the clear intent of the testator to dispose of all of his estate, we regard this as the proper construction of the residuary clause.

It was contended by the learned counsel for the appellees that this construction violates "the most ordinary and simple rules of syntax," while the learned counsel for the appellants, on the other hand, insisted that "the language in the residuary clause cannot be parsed as we find it."   The grammatical construction of language is always entitled to weight in the interpretation of its true meaning, but when, as here, it is used by one evidently not familiar with grammatical rules, the force of such an argument is materially diminished.

> The decree is reversed at the cost of the appellees, and it is ordered that the record be remitted, with directions to make distribution in accordance with the views expressed in this opinion.