GRANT et al. v. STEPHENS et al.
(No. 8729.)

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 1, 1917. Rehearing Denied Jan. 19, 1918.)

1. WILLS ☞681(2) — CONSTRUCTION — FEE SIMPLE IN TRUST.

Under a will, which, after providing for the payment of debts, etc., devised all the real and personal property to executors and trustees for management for 20 years following testator's death, with ultimate distribution of three-quarters to testator's grandchildren, with power and duty of making sales of any property when necessary to carry out the purposes of the will, the executors and trustees were vested with a fee-simple title to the whole estate.

2. WILLS ☞693(1)—POWER OF SALE—FEE.

Under such will, the power to sell implied the power to sell the whole title, requiring, as a condition precedent, a fee-simple estate.

3. WILLS ☞693(3)—CONSTRUCTION—DEVISE IN TRUST—CORPUS AND INCOME.

Such will showed testator's intention to include in the estate devised to the trustees not only the corpus of the property, but the income, in view of the power and duty of the trustees to loan on security, and to invest moneys of the estate, if not needed for specified purposes.

4. WILLS ☞448—CONSTRUCTION — PRESUMPTION AGAINST INTESTACY.

The presumption is that a testator intended to dispose of his entire estate and not to die intestate, either as to the whole or as to any part thereof, though the presumption against partial intestacy arises only where intent to pass whole estate is expressed in some form, and not where testator's language is plain and unambiguous.

5. WILLS ☞479—CONSTRUCTION—DETERMINATION BY EXECUTORS AND TRUSTEES.

Under a will making the executors and trustees umpires to decide all doubtful questions of construction according to their best judgment, without resort to the courts, their construction of the will to include, within the estate devised to them in trust, the income as well as the corpus, fairly and honestly made, and reasonably to be predicated upon the terms of the will, would not be overruled, though, if their decision evidenced a gross departure from the manifest intent of the testator, it could not be said that such decision was the result of an honest endeavor to find that intent.

6. WILLS ☞449—CONSTRUCTION—INTESTACY—REVERTER TO TRUST.

Under will devising real and personal estate in trust for certain purposes, and three-quarters of the residue for equal division among testator's grandchildren, and requiring the trustee to provide the widow with a suitable furnished home, a horse and buggy, a milch cow, and to pay her $125. per month for life, and where the widow elected to claim her share of the community estate, the estate which would have been required to satisfy the provision of the will to her was not a partial intestacy, but reverted to and became a part of the trust estate.

7. WILLS ☞448—PRESUMPTION AGAINST INTESTACY—GIFT OF RESIDUE.

Where the residue of testator's property is given by will every presumption is against an intended intestacy, as a residuary clause is presumed to cover an ineffectual bequest, and in order to exclude such bequests, the intent so to do must appear from appropriate language, or a clear implication.

8. WILLS ☞448—INTESTACY—PRESUMPTION.

No presumption of an intent to die intestate as to any part of the testator's property is to be made, where the language of his will can fairly be construed to dispose of his whole estate.

9. WILLS ☞856—CONSTRUCTION—TRUST—INTESTACY.

Where testator made provision for the support of two children, who were non compos mentis, and such provision was not required by reason of the court's election that they should take under the law as heirs of their deceased mother, whose will had been set aside, the bequests to such children did not lapse and make a partial intestacy, but fell into the estate in trust ultimately for his grandchildren.

Appeal from District Court, Parker County; Bruce Young, Special Judge.

Suit by Mrs. Susie Grant and others against I. W. Stephens and G. A. Holland, executors and trustees of the will of J. R. Couts, deceased. Judgment for defendants, and plaintiffs appeal. Affirmed.

See, also, 48 Tex. Civ. App. 476, 107 S. W. 913; 110 S. W. xiii.

Capps, Cantey, Hanger & Short and David B. Trammell, all of Ft. Worth, Adams & Stennis, of Dallas, and B. K. Goree and H. A. Turner, both of Ft. Worth, for appellants. Hood & Shadle, of Weatherford, and I. W. Stephens, of Ft. Worth, for appellees.

BUCK, J. This suit was brought by appellants Mrs. Susie Grant, joined by her husband, A. N. Grant, Leah C. Anderson, a feme sole, Martha C. Putman, suing by and through J. T. Putman, her husband and guardian of her person and estate, and Mary C. Burnett, joined by her husband, S. B. Burnett, against I. W. Stephens and G. A. Holland, executors and trustees of the will of J. R. Couts, Mrs. Margaret Moseley, and her

husband, H. L. Moseley, Weatherford College, and its trustees, Mrs. Sallie Couts, surviving wife of decedent, and all the grandchildren now living, mentioned by name, of J. R. Couts, deceased, to obtain a construction of the will of said J. R. Couts for the purpose of determining whether said testator by the terms of the will disposed of his entire estate, and the income, rents, and revenues thereof, and to determine who is entitled to same. Mesdames Grant, Anderson, Putman, and Burnett, plaintiffs, and Mrs. Moseley, one of the defendants, are the daughters and sole heirs at law of J. R. Couts, deceased. Mrs. Moseley, not joining as party plaintiff in the suit, was made party defendant.

Defendants I. W. Stephens and G. A. Holland, executors and trustees, answered by way of general demurrer, special exceptions, a general denial, plea of res adjudicata, a plea of limitation of four years, and by way of further answer and pleas as will be indicated in the course of this opinion. The cause was tried before the court without the intervention of a jury and judgment rendered for defendants.

The court filed his findings of fact and conclusions of law as follows:

"Findings of Fact.

"(1) I find that J. R. Couts died at Weatherford, in Parker county, Tex., the place of his domicile, November 29, 1904, seised and possessed of a large estate consisting of real estate, bank stock, and other personalty, which he undertook to dispose of by will, dated July 29, 1902, which will was duly probated in Parker county, Tex., —— day of March, 1905, in which I. W. Stephens and G. A. Holland were named as executors and trustees, and by the terms of which the administration of said estate was placed in their hands without bond and was taken out of the probate court, which will is copied in full in the second amended original petition of plaintiffs herein.

"(2) I find that said executors and trustees qualified as such and took charge of said estate about —— day of March, 1905, and proceeded to handle and administer the same under said will, and have sold the real estate, and paid the debts of testator, and made other disbursements and the estate now left in their hands, consisting of bank stock and land notes, amounts to about $240,000.

"(3) I find that soon after the death of J. R. Couts, his children caused the will of their mother, the first wife of J. R. Couts, to be set aside, of which will J. R. Couts was the sole beneficiary, and this was followed by a partition of the estate in the hands of said executors and trustees between them and the heirs of said wife and the widow of J. R. Couts, deceased, which left in the hands of said executors and trustees, after a large portion had been received by said heirs and widow, an estate amounting to about $140,000, the date of this partition being —— day of ——, as shown by decree of district court of Parker county, Tex., introduced in evidence, by the terms of which all interest of other parties in the estate left in the hands of said executors and trustees was divested out of them and vested in said trustees, to be held by them under said will, all parties interested being parties to said partition suit.

"(4) I find that the children and grandchildren and the heirs and widow of J. R. Couts are as alleged by plaintiffs in their second amended petition to which reference is made for their names, ages, and residences.

"(5) I find with reference to Weatherford College that it was a chartered educational institution located in Weatherford, Tex., when said will was made and ever since, owning valuable grounds and buildings and engaged in school work, that it has not ceased to exist and been dissolved as alleged by plaintiffs, but the same is still in existence and a going concern with a regular board of trustees duly appointed as provided in the charter, and that a continuous board of trustees has been in existence since long before the death of said Couts, duly appointed by the authorities of the M. E. Church South, of which said Couts was a member.

"(6) I find that a suitable home for the widow of J. R. Couts in Weatherford would have been worth about $5,000, and a horse and buggy and milch cow about $500.

"(7) I find that the widow Couts elected to claim her community interest in said estate, and received from said executors and trustees more than $80,000 in satisfaction of this claim, and she was therefore required to forego the benefits provided for her in the will.

"(8) I find that the persons provided for in fourth subdivision of the will, children of testator, had been adjudged lunatics, and were confined in the asylum during the life of testator, and that he had been paying the necessary expense for their maintenance, and that this was a certain sum annually, quarterly, or monthly, and that it was his intention that his executors should continue to do this, and that the amount reasonably sufficient and proper to care for them in future was easy of ascertainment, and could be made definite and certain; but I further find that in said partition proceeding the district court of Parker county elected for them and each of them to reject the provisions thus made for them in order that they might claim as heirs of their mother, which they did through their guardians, and received a large part of the estate in the hands of said executors and trustees as heirs of their mother, the first wife of J. R. Couts. The amount expended by said executors and trustees they were required to account for in said partition decree, to which reference is here made for exact terms and sums as to this and all other matters involved.

"(9) I find that the net accumulations of said estate since it went into the hands of said executors and trustees amounts to approximately $100,000.

"(10) I find that said executors and trustees by their second amended original answer filed herein as well as in their first amended original answer have rejected the construction placed on said will by the pleadings of plaintiffs, and have claimed the right to construe same, as provided therein, according to their best judgment.

"Conclusions of Law.

"(1) The plaintiffs are not entitled to have the will of J. R. Couts construed, as they have attempted to construe it in their pleadings, and are not entitled to take from the executors and trustees any part of the estate now in their hands.

"(2) Said executors and trustees would be authorized and warranted in placing the following construction on said will, and the same would be reasonable, to wit:

"(a) It was the intention of J. R. Couts in making his will to provide for grandchildren as a class, and to give them three-fourths of his estate and Weatherford College one-fourth, after the other purposes named in the will had been accomplished.

"(b) The title of the estate was placed in the executors and trustees named in the will in trust for said grandchildren and for said college as well as for the other purposes named in the will, and this was a valid trust.

"(c) No distinction was made or intended by the testator to be made in dealing with said estate between corpus and income, but his intention was to dispose of by will of all property belonging to him at his death and all accumulations and accretions to arise during the period of 20 years therein mentioned. It was his intention to give his grandchildren and to Weatherford College the income of said estate the same as it was his intention to give them the corpus of said estate and in the same proportion, that is, one-fourth to the college, and the rest to his grandchildren, and this disposition of the income was valid, and none of it descended to his heirs at law.

"(d) The election of the widow to take her community interest and not to take under the will relieved the executors of the duty imposed on them by the second subdivision of the will, and thus whatever would have been required to meet this obligation remained a part of the estate devised to said executors and trustees, and it was the intention of said testator that it should so remain and be disposed of under the terms of said will as a part of his estate, and he did not intend that it should descend to his heirs.

"(e) The election by the court for those provided for in fourth subdivision of the will had a like effect on the provision there made for them, and whatever would have been required to carry out this bequest was intended after such election to remain a part of the estate to be disposed of under the will."

The will of J. R. Couts is to be found in the case of Couts v. Holland et al., 48 Tex. Civ. App. 476, 107 S. W. 913, writ of error denied 110 S. W. xiii, and we will not enlarge this opinion by including the document herein.

The contentions of appellants to sustain their asserted cause of action are contained in the proposition under the first assignment of error, to wit:

"The whole of testator's estate having been devised to executors, upon executorial trusts, the interest of Weatherford College and the grandchildren is a mere executory interest, which will not ripen into an estate and become vested, if at all, until the expiration of 20 years from the date of testator's death, and there being no express or implied devise of the intermediate rents and income, and no trust to accumulate the same and add it to the corpus to testator's estate, it vests, as it accrues, in appellants and Mrs. Margaret Moseley, as testator's heirs at law; and appellants are entitled to an accounting for their portion thereof. For convenience, we present the points involved under separate heads:

"(1) Item 1 of said will vests in testator's executors a fee-simple title to his whole estate.

"(2) It is essential to the execution of the trusts imposed upon testator's executors that the fee-simple title to his whole estate be vested in them.

"(3) The trusts imposed upon testator's executors were mere executorial trusts, and not testamentary trusts.

"(4) There is no language in testator's will that can be construed as a devise to Weatherford College and his grandchildren of any estate, legal or equitable, but their interest is a mere contingent or executory interest, which will not ripen into an estate and become vested, if at all, until the expiration of 20 years from the date of testator's death.

"(5) There being no express or implied devise of the income from said estate, pending the executory devise to Weatherford College and the grandchildren, and no trust to accumulate and add the same to the corpus of testator's estate, it will not pass under the clause disposing of the remainder of testator's estate at the expiration of 20 years, and is therefore undisposed of, and vests, as it accrues, in appellants and Mrs. Margaret Moseley, as testator's heirs at law, and appellants are entitled to an accounting for their portion thereof."

[1-4] We agree with appellants that item 1 of the deceased's will by appropriate language vests a fee-simple title to his whole estate in the executors and trustees, and that it was essential to the proper execution of the trust imposed that such title should be vested in them, to last until the expiration of the 20-year period, and the completion of the terms of the trust. By said item 1, during this time, said executors and trustees were expressly authorized and required to make sales, either public or private, of any of the property of the estate, when deemed necessary by them to carry out the purposes of the will. "The power implied to sell is to sell the whole title, requiring, as a condition precedent, a fee-simple estate." Kirkland v. Cox, 94 Ill. 415, cited and quoted from in Dulin v. Moore, 96 Tex. 135, 70 S. W. 742; Potter v. Couch, 141 U. S. 296, 11 Sup. Ct. 1005, 35 L. Ed. 721. In the will to be construed by us the express power is given the trustees to sell such portion of the estate as they may deem necessary to carry out the purposes of the imposed trust. But we think it is a reasonable construction of the will that it was the evident intention of the testator, as held by the trial court, to include in the estate so devised and bequeathed to the trustees, not only the corpus of the property, but the income and revenues derived therefrom, for the trustees were empowered, and it was made their duty,

"to loan on security deemed sufficient by them, or invest *all* [emphasis ours] moneys coming to their hands from time to time belonging to said estate, provided the same may not be needed for the purposes herein specified."

"The presumption is that the testator intended to dispose of his entire estate, and not to die intestate either as to the whole or as to any part thereof, and the will should be so construed, unless this presumption is clearly rebutted by the provisions of the will or by evidence to the contrary. * * * The presumption against partial intestacy, however, arises only where the intention to pass the whole estate is expressed in some form, and it cannot avail where the language used by the testator is plain and unambiguous."

See 40 Cyc. pp. 1409 to 1411, and notes thereunder; Borland on Wills and Construction, p. 326, § 116; 1 Schouler on Wills, Executors and Administrators, § 490.

[5] By the terms of the will, item 8, the executors and trustees named, in whose judgment, discretion, and honesty the testator evidently reposed great confidence, were made umpires to decide "all doubtful questions of construction in the interpretation of said will * * * according to their best judgment * * * without resort to the courts." In Couts v. Holland et al., 48 Tex. Civ. App. 476, 107 S. W. 913, writ de-

nied, 110 S. W. xiii, it is held that this provision authorized the trustees to determine what property the will applies to, and what it does not, and does not limit them to a determination of what disposition was intended to be made of property to which it clearly applies. In Thompson on Wills, § 432, where the last-mentioned case is cited with approval, it is said:

"It is not unusual for the testator to provide in his will that all questions relative to the construction thereof are to be submitted to a certain designated person or persons, such as his executors, who shall act as umpire or arbitrator, and whose decision, if fairly and honestly made, will be final and binding on all parties interested."

In the instant case the chosen umpires have construed the will so as to include within the estate devised and bequeathed to them in trust the income as well as the corpus of the estate. Since we do not feel justified in holding that the conclusion reached by the executors and trustees upon this point was not fairly and honestly made, and reasonably to be predicated upon the terms of the will taken as a whole, it follows that we are not authorized, under the authorities, to overrule their decision. Of course, if the decision made by the trustees evidenced a gross departure from the manifest intent of the testator as disclosed in the will, then it could not be said that such decision was the result of an honest endeavor to find that intent, as held in Pray et al. v. Belt et al., 1 Pet. (U. S.) 670, 7 L. Ed. 309. But we do not find such a condition to exist here, and are of the opinion that said conclusion reached by the trustees, upon a question involving the proper construction of the terms used by the testator, is one reasonably reached and deduced from the language used.

[6-8] The evidence discloses that the surviving wife of testator, who was the second wife and not the mother of his children, elected to claim her share of the community estate of herself and deceased husband, rather than to take under the will, and that under said election she was shown to be entitled to and the trustees and executors paid her some $84,000. The appellants urge that they are entitled to a division of so much of the estate as would have been required to satisfy the trust provided under item 2 of the will, which stipulated that the trustees should provide the wife or widow with a suitable furnished home in Weatherford, and a horse and buggy and a milch cow, and pay her $125 per month so long as she might live; that at least as to this extent and interest the testator must be held to have died intestate. It is evident to us that the intent of the testator was to provide for the support of his widow, and to safeguard her against want and poverty after his death. But it is also true that the testator must be held to have known that a considerable portion of the estate which he sought to vest in trust in the

trustees consisted of the community estate of himself and his wife. It must be presumed that he knew the law, and realized that his surviving wife would have the right to elect whether she should take under the will or claim her interest in the community estate under the law. She could not do both, as is decided in Couts v. Holland et al., supra. In item 5 the testator provides that:

"After all my just debts shall have been paid and all reasonable expenses incident to the management of said estate, including reasonable compensation to said trustees for their services from year to year, shall have been deducted, and after the special charges made against the estate in items 2, 3, and 4 shall have been paid and provided for, the remainder of my said estate shall, at the expiration of twenty years from my death, be disposed of by said trustees, as follows: One-fourth part thereof shall go to the trustees of the Weatherford College, as an endowment for that institution of learning, and the rest shall be equally divided between my grandchildren, then living, who shall take per capita and not per stirpes, but if any of my grandchildren should then be dead, leaving child or children surviving, such child or children shall take per stirpes, the same, and to be treated in the division as a living grandchild."

Where the residue of testator's property is given by will, every presumption is to be made that no intestacy was designed. Duffield v. Morris, 8 Watts & S. (Pa.) 348; Welsh v. Gist, 101 Md. 606, 61 Atl. 665. A residuary clause is presumed to cover an ineffectual bequest. O'Connor v. Murphy, 147 Cal. 148, 81 Pac. 406; Lawrence v. Barber, 116 Wis. 294, 93 N. W. 30. And in order to exclude such bequests the intent so to do must appear from appropriate language or be a clear implication. No presumption of intent to die intestate as to any part of the property is to be made where the testator's words as found in his will here can fairly be construed to dispose of the whole of it. Hofius v. Hofius, 92 Pa. 305; Raudenbach's Appeal, 87 Pa. 51; Coleman v. Jackson, 126 S. W. 1179, writ denied. Therefore we are of the opinion that we cannot disturb the construction put on this clause of the will by the trustees that it was the intention of the testator, in the event that it should not become necessary to meet the charges and pay out the funds provided for the care and support of the surviving wife, by reason of said wife's election to take under the law rather than under the will, that the amounts so provided for such support and care revert to and become a part of the unexpended estate under the trust.

[9] It further appears that testator's first wife left a will making the testator the sole beneficiary; that subsequent to testator's death the children of the testator and his first wife brought suit to set aside the will of their mother in which her interest in the community estate had been devised and bequeathed to their father. Said suit was defended by the executors, who prevailed in the lower court and in the Court of Civil Appeals, but a writ of error was granted by the Supreme Court, and the will was set aside.

Holland et al. v. Couts et al., 42 Tex. Civ. App. 515, 98 S. W. 233. In the partition suit which followed, the trial court on behalf of the two children, Martha Putman and J. R. Couts, Jr., who were both non compos mentis and represented by guardians, elected for them to take under the law as heirs of their deceased mother, whose will had been set aside, rather than to take under the will of their father. It is urged by appellants that the amounts provided in this will under item 4 for the support of these two children, not being used for the purpose designated, the bequests lapse, and that as to this portion of the estate the testator must be held to have died intestate; but for the reasons given in the discussion of the charge under item 2, we do not feel that the contention should be sustained.

We think it is a reasonable construction of the will that the testator meant to carve out of the estate only so much thereof as should be found necessary to provide for the support of the surviving widow and the two helpless children named, and that the whole of the estate after the charges mentioned had been satisfied should be vested at the expiration of the 20 years in the grandchildren and Weatherford College.

For the reasons given, all assignments are overruled, and the judgment of the trial court is hereby in all things affirmed.

CONNER, C. J., not sitting, serving on writ of error committee at Austin.