Affirmed and Memorandum Opinion filed February 16, 2006









Affirmed
and Memorandum Opinion filed February 16, 2006.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00782-CV

____________

 

KAREN KEY, Appellant

 

V.

 

GWINDELIN J.
METCALF, INDEPENDENT EXECUTRIX OF THE ESTATE OF RICHARD METCALF, DECEASED, Appellee

 



 

On Appeal from the County
Court at Law No. 3 & Probate Court

Brazoria County, Texas

Trial Court Cause No. 25,817

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Karen Key, appeals the trial
court=s declaratory
judgment entered in favor of appellee, Gwindelin Metcalf, Independent Executor
of the Estate of Richard Metcalf, Deceased. 
We affirm.  








The testator, Richard Metcalf, died on
November 9, 2001.  Richard appointed his
surviving wife, Gwindelin Metcalf, executor of his estate.  Karen Key is Richard=s only living
child.  Richard bequeathed $350,000 to
seven individuals and entities under his will. 
He bequeathed $150,000 each to Karen and Gwindelin, as well as $10,000
each to his grandsons, Mark Poe, Mike Poe, and Jeffrey Wiggins; to his niece,
Lynn Rupprecht; and to the First Church of Christ Scientist in Pasadena,
Texas.  Richard also bequeathed to
Gwindelin five gold coins, gem stones, a doll collection, all stock which he Acollectively
refer[s] to as my baby bells stock,@ and all his
separate and community estate, except as disposed of elsewhere in the
will.  

Karen filed a declaratory judgment action,
complaining of Gwindelin=s refusal, as executor, to pay her the
$150,000 bequest made to her in Richard=s will and seeking
a declaration that the $150,000 bequest to her found in Section 3.2 of the will
is a general bequest to be satisfied from the general assets of Richard=s estate.  Gwindelin asserted in a brief to the trial
court that there were not enough assets in Richard=s estate to
satisfy the cash bequests and the Amaximum value@ of the estate was
$217,135.00.  In her role as executor,
Gwindelin determined that any cash gifts should be made only from cash assets
or demand deposits on a pro rata basis.  

According to Karen=s appellate brief,
the trial court heard oral arguments on her petition.  However, no reporter=s record was taken
of the hearing.  The trial court entered
a take-nothing judgment against Karen on her demand that she be paid $150,000
out of the assets of the estate, but also stated its ruling did not prejudice
any rights Karen may have to receive distributions under the will.  The trial court also held the $10,000 cash
bequest to First Church of Christ Scientist had lapsed because the church no
longer exists.  Neither party requested
findings of fact and conclusions of law. 


On appeal, Karen complains the trial erred
in entering judgment in favor of Gwindelin on the ground that Gwindelin=s interpretation
of the will is final and not subject to the court=s review.  In entering its judgment, the trial court
determined that because the will left questions of will construction to the
executor, it was not necessary for it to review the executor=s construction of
the will:








On the request to
construe the will, the Court finds and Declares that the will is clear on its
face, that the will sufficiently specifies and delineates the rights of the
parties, and that section 11.4 of the will clearly expresses the intent of the
testator in regards to questions of construction so that no further action to
construe the will is necessary.

Section 11.4 of Richard=s will provided
that the executor=s interpretation of the will is not
subject to court review and such interpretations are binding on all beneficiaries
under the will:  

All doubtful
questions of construction in the interpretation of this, my Last Will and
Testament, shall be finally and conclusively determined by the executor or
Trustee appointed herein, whichever is acting, according to his best judgment,
without recourse to the Courts, and such determination shall be binding on all
beneficiaries hereunder both in being and unborn.

Will provisions making the executor=s decision on
disputed questions regarding the will=s construction
binding on all interested parties are valid. 
Nations v. Ulmer, 139 S.W.2d 352, 356 (Tex. Civ. App.CEl Paso 1940, writ
dism=d); Grant v.
Stephens, 200 S.W. 893, 896 (Tex. Civ. App.CFort Worth 1917,
writ ref=d); Couts v.
Holland, 48 Tex. Civ. App. 476, 107 S.W. 913, 916 (1908, writ ref=d).  Such decisions by the executor, if fairly and
honestly made and reasonably susceptible to the terms of the will, are binding
and final on all interested parties.  Nations,
139 S.W.2d at 356; Grant, 200 S.W. at 896; Couts, 107 S.W. at
916.  

However, a gross departure from the
testator=s intent cannot be
considered an honest endeavor by the executor to determine that intent.  Pray v. Belt, 26 U.S. (1 Pet.) 670,
680 (1828); Grant, 200 S.W. at 896. 
The executor=s construction of the will is subject to
court review A[i]f an unreasonable use be made of the
power, one not foreseen, and which could not be intended by the testator, . . .@  Pray, 26 U.S. (1 Pet.) at 680.  








Karen asserts it was Richard=s intent that her
$150,000 gift be satisfied out of the general assets of the estate, i.e.,
proceeds from the sale of those assets. 
Karen alleges that Gwindelin=s interpretation
of the will is not a fair and honest attempt to ascertain and uphold Richard=s intent, but,
instead, is a gross departure from that intent and, thus, subject to judicial
review.  

However, there is no record to support
Karen=s assertions of
Gwindelin=s allegedly fraudulent intent.  Neither party requested that the hearing on
Karen=s petition be
recorded.  Where a reporter=s record is not
requested, we presume the missing record supports the court=s ruling.  In re Guardianship of Berry, 105
S.W.3d 665, 667 (Tex. App.CBeaumont 2003, no
pet.); see also Bryant v. United Shortline, Inc. Assur. Servs., N.A.,
972 S.W.2d 26, 31 (Tex. 1998) (AWe indulge every
presumption in favor of the trial court=s findings in the
absence of a statement of facts.@).  Without a reporter=s record of the
hearing, Karen has failed to demonstrate there was evidence before the trial
court that Gwindelin=s construction of the will is motivated by
dishonesty or fraud.  

Moreover, when neither party requests
findings of fact and conclusions of law, it is implied that the trial court
made all fact findings necessary to support the judgment.  Sixth RMA Partners, L.P. v. Sibley,
111 S.W.3d 46, 52 (Tex. 2003). 
Unchallenged findings of fact are binding on the appellate court unless
the contrary is established as a matter of law or there is no evidence to
support the finding.  Zagorski v.
Zagorski, 116 S.W.3d 309, 319 (Tex. App.CHouston [14th
Dist.] 2003, pet. denied) (op. on reh=g).  Even if there were a record of the hearing,
Karen has not challenged the implied findings of fact that the will gave away more
than the estate contained at the time of Richard=s death, i.e.,
that the estate had a maximum value of $217,135.00 (prior to deducting
allowances and expenses) as asserted by Gwindelin, while making cash gifts in a
the total amount of $340,000.00,[1]
without considering the coins, gems, doll collection, stocks, and the
possibility that the will purportedly disposed of Gwindelin=s undivided
community property interest without requiring that she make an election.  








If the court can give a certain legal
meaning or interpretation to the words used in the will, the will is
unambiguous and the trial court should construe it as a matter of law.  Steger v. Muenster Drilling Co., 134
S.W.3d 359, 373 (Tex. App.CFort Worth 2003,
pet. denied).  In construing a will, the
focus is on the testator=s intent. 
San Antonio Area Found. v. Lang, 35 S.W.3d 636, 639 (Tex.
2000).  We review conclusions of law de
novo to determine their correctness.  City
of Houston v. Cotton, 171 S.W.3d 541, 546 (Tex. App.CHouston [14th
Dist.] 2005, pet. denied).  We will
uphold a conclusion of law if it can be sustained on any legal theory supported
by the evidence.  Id.  

While Richard may have intended to
bequeath $350,000 (less the church=s lapsed gift) in
cash, unfortunately, there were not enough assets, either cash or noncash, in
the estate to satisfy the entire amount of cash gifts under the will.  Richard also intended to give Gwindelin
certain noncash items and further purportedly disposed of Gwindelin=s undivided
community interest, but apparently did not intend to force her to elect between
taking under the will and keeping her community property.  Karen insists that the estate should be
liquidated to satisfy her $150,000 gift. 
However, even if the full $217,135 were applied toward the $340,000 cash
giftsCwithout taking
into account Gwindelin=s undivided community property interest
and deductions for allowances and expensesCthat would still
leave approximately $123,000 of the cash gifts unsatisfied.  Therefore, even if Karen were to receive her
full $150,000 gift, a determination of which beneficiaries receive their
respective cash gifts would still have to be made.  Richard=s will merely
designated the gift amounts to each of the beneficiaries without providing a
method for calculating actual payments in the event that the estate could not
satisfy all those gifts.  Accordingly,
Gwindelin determined that any cash gifts should be made only from cash assets
or demand deposits on a pro rata basis.  








Given the total amount of the cash gifts
and the insufficient assets in the estate to satisfy those gifts, we cannot say
Gwindelin=s interpretation of the will is a gross
departure from Richard=s intent as found in the will.  Because the independent executor=s determination to
pay cash gifts with cash assets and demand deposits on a pro-rata basis was
honestly and fairly made and reasonably based on the will, the trial court did
not err in declining to review Gwindelin=s construction of
the will.  Therefore, Karen=s sole issue is
overruled.  

Accordingly, the judgment of the trial
court is affirmed.  

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed February 16, 2006.

Panel
consists of Justices Hudson, Frost, and Seymore.











[1]  Richard=s will provided for $350,000 in cash gifts, but
because the First Church of Christ Scientist in Pasadena no longer exists, the
trial court determined the $10,000 gift to the church had lapsed.