The bill of complaint seeks the construction of the will of Josephine D. McClave.
The matter was submitted to the court on a stipulation of facts and briefs of counsel.
Item "Fifth" of the will creates a trust and provides that the net income arising therefrom be paid to the testatrix' sons in equal shares. The pertinent provision of this section reads as follows:
"And the remaining 1/5 of said income, together with any income derived from the shares of stock bequeathed for the benefit of my said son, William Parke McClave, to be divided equally and paid to my son, W.P. McClave and Sara F. McClave, his wife, and all to the survivor of them, for the benefit of themselves and their children, provided, however, if Sara F. McClave survives her husband, such income shall not be paid to her in case she re-marries, but shall then be held and paid for the benefit of said children as hereinafter provided for, in case of the death of their parents.
In case, however, of the death of any of my sons, either before or after my decease, then said Trustees, or the survivors of them, shall pay such income when distributed to any surviving wife of any such deceased son or sons, for the benefit of herself and any children of any such sons, so deceased, as long as such widows remain unmarried; and in case of the death or re-marriage of said Lucy W. McClave, widow of my son, Rowland, or the death or re-marriage of any surviving widow of any of my other sons, then to apply the respective 1/5 portions of said income to the support, maintenance and education of the children of any deceased sons, that may then be living, share and share alike, or their representatives, per stirpes *Page 111 
and not per capita; and in case any of such grandchildren die without leaving issue, his or her portion shall go to his or her surviving brothers and sisters, or their representatives; and in case of the death of any of my said sons, and the subsequent death or remarriage of any surviving widow of such son, or the death or remarriage of said Lucy W. McClave, without leaving them surviving any children of my said respective sons, or representatives of such children, then the said 1/5 portion of income representing any such deceased son, shall be equally divided and added to the shares represented by my other sons, or their representatives, and paid, in accordance with the provisions aforesaid."
It is stated in the stipulation of counsel that, "the executors and trustees have been paying one-half of the one-fifth of the income to William Parke McClave and the other one-half of the one-fifth of said income to Sara F. McClave. Sara F. McClave and William Parke McClave had been living apart for a great number of years. Recently Sara F. McClave procured a divorce from William Parke McClave, but notwithstanding said divorce, the executors and trustees continued to make payments to her in the above manner. On the 29th of June, 1939, Sara F. McClave married Joseph F. Taylor. Upon said marriage, the executors and trustees made a determination, upon being advised by the attorney for the estate that a determination was necessary as to whether Sara F. McClave was entitled to receive any of the income from the estate."
The determination of the executors and trustees is to the effect that they construed the will to mean that Sara F. McClave was not to receive any further share of the income and interpreted the testatrix' intention under the will as follows: "That the decedent, would consider the divorce and remarriage of a son's wife, during the life of such son, the same as if such wife had died during the life of the son."
The executors base their right to interpret or construe the will in question upon Item "Eighth" of the will, which reads as follows:
"And I declare that if any question shall arise as to the construction and administration of my will, or any clause, matter or thing therein contained or with relation thereto, my trustees or trustee, acting either on their or his own judgment, or under professional *Page 112 
advice, and upon such evidence as they or he shall think fit, may determine such question by writing under their or his hands or hand; and I declare that such determination shall be final and binding on all persons interested under this my will or any codicil hereto."
Defendants argue that under Item "Eighth" their construction, be it right or wrong, is binding upon the complainant and quote69 C.J. 124 § 1166. The last paragraph of the citation, however, is to the effect that such a decision by executors and trustees where the construction of a will is left to them may not be contrary to the plain intention of the testator or contrary to a clear provision of the will. Courts will interfere to determine the rights of the parties where a decision involves an abuse of power conferred upon an umpire where such umpire commits a gross mistake, or an error in judgment, or where such umpire violates a statutory requirement on which an injured party has a right to rely. See 69 C.J. supra.
Defendants also rely on the case of Wait v. Huntington,40 Conn. 9. In the Connecticut case the will provided:
"Should any informality appear or questions arise as to the meaning or legal construction of this instrument, I hereby direct that the distribution of my estate shall be made to such persons and associations as my executors shall determine to be my intended legatees and devisees, and their construction of my will shall be binding upon all parties interested."
The court in discussing the case said it had not had the aid of a thorough discussion of the question at the bar as the parties were willing that the executors exercise the powers conferred upon them by the above provision of the will and be bound thereby, but, the executors had no desire to entertain the jurisdiction which the clause conferred upon them and preferred the court to settle the questions in controversy. The respondents stated that they were willing to accept whatever construction the executors might give to the will. The court stated:
"Nor on this question do we have the aid of authorities, being unable to find cases bearing directly on the point. * * *
"If the executors act under the power conferred upon them by the clause in question, their construction will be binding *Page 113 
upon the beneficiaries under the will, subject to certain necessary qualifications which we will notice.
"In the improbable contingency of a clear abuse of the power, such abuse would undoubtedly be restrained and corrected, for the power of the executors is not so absolute and unlimited as to be beyond the control of the court. So, too, in order to give jurisdiction to the executors, there must be a bona fide
question. Under the name and pretense of construction they may not arbitrarily transfer the testator's gifts from the real and proper objects of his bounty."
The provisions of the will in the above case, which were to be construed by the executors, are not set forth. The statement of the court in the above case is more favorable to the complainant than to the defendants. The rule therein stated is that the executors under the pretense of construction may not transfer testator's gifts from the real objects of his bounty.
Chief-Justice Marshall in the case of Pray v. Belt,26 U.S. 669; 7 L.Ed. 309, held, that there cannot be such a construction given to a clause of the kind here involved as will prevent a party who conceives himself injured by the construction from submitting his case to a court of justice. He said that if such a case comes before the court, the court must construe the will rightly. Courts of equity have jurisdiction over trusts and the construction of wills to the extent to which the trusts are hereby created. 69 C.J. 856 § 1969. Equity has inherent jurisdiction to construe a will where the interpretation is incident to the granting of other relief sought by the bill of complaint. The enactment of the Chancery act, chapter 116, P.L.1915 § 7, extended the remedy of construction of wills to cases where no other relief is sought by the bill of complaint. In reUngaro, 88 N.J. Eq. 25. See R.S. 1937, 2:26-68 et seq. A will cannot be given a certain construction by consent or by stipulation of counsel, but must be construed by the court.United States Trust Company of New York v. Speir, 97 N.J. Eq. 150.
This court cannot be deprived of its jurisdiction by any direction of the testator to the effect that his executor, or any other person, other than the court shall construe or *Page 114 
define the provisions of a will. In re Reilly's Estate
(Supreme Court of Pennsylvania), 200 Pa. 288;49 Atl. Rep. 939. The court in the Reilly estate said:
"The jurisdiction of the court to determine the matter in controversy was questioned in the trial below, by reason of the attempt of the testator to confer exclusive authority upon the executors to define the provisions of the will, and make their decision final and conclusive. The learned court below held that the Orphans Court had jurisdiction in this matter. No exception appears to have been taken to this ruling, and the claim does not seem to be strongly pressed here. We are clear that this controversy is properly here for adjudication. A testator may not deny to his legatees the right of appeal to the regularly constituted courts. Ample authority may be found for this statement in Mentz v. Insurance Co., 79 Pa. 480; Rea's Appeal,13 Wkly. Notes Cas. 546; Cooley, Const. Lim. 492; Hoagland v.Creed, 81 Ill. 506."
Complainant argues that it was the intention of the testatrix to make a bequest to complainant absolutely free of any control by her husband, William Parke McClave, and that only upon the death of the said William Parke McClave and subsequent remarriage of complainant would her interest be ended. Defendants contend that the testatrix intended that the divorce and remarriage would have the same effect as if complainant had died in the lifetime of William Parke McClave.
I have concluded that the language of the will is not ambiguous. Testatrix bequeathed one-half of William's share of the income to his wife, the complainant, and provided by her will that her interest should be divested only in the event of the happening of one of two contingencies. The first contingency is that she predecease her husband, and the second, that her husband should die and thereafter the complainant should marry. Testatrix did not provide for the contingency which did occur; that is, the divorce and remarriage of William's wife during his lifetime. It may be that if the testatrix could now express her views she would wish the income to be distributed as the executors have stated. Such a construction, however, cannot now be placed upon *Page 115 
the will. In McDonald v. Clermont, 107 N.J. Eq. 585,
Vice-Chancellor Buchanan said:
"No matter how certain we may feel that a testator has omitted to make a certain provision through oversight, and that he would have made the provision if he had thought of the contingency, nevertheless, if he did in fact overlook it and fail to make it, the court cannot make it for him."
As has been many times stated, this court cannot rewrite a will.
The defendant executors and trustees should, therefore, continue the payments of income to this complainant. I will advise a decree in accordance with these views.