*In re* JONES ESTATE.

APPEAL OF KOHN.

1. WILLS—CONSTRUCTION—INTENT.
   A will is construed in its entirety and the intent thereof gathered from the entire instrument, not by emphasizing the wording of any isolated paragraph.

2. SAME—TRUSTS—CORPUS—DIVISION OF INCOME.
   Will providing for a single trust fund to be administered by 2 trustees, for distribution of the income so that 60% would go to an out-of-State university research foundation and 40% to a college within this State for certain purposes outlined in the will, failing which the income was to go to a named fraternity, did not permit division of the corpus even though the trustees were empowered to allot the income and make distributions of the allotments.

3. TRUSTS—POWER TO CONSTRUE.
   Power conferred upon trustees of a trust to interpret the document creating it, does not empower them to construe the instrument contrary to the plain intention of the testator who created the trust.

REFERENCES FOR POINTS IN HEADNOTES
[1] 57 Am Jur, Wills § 1137.
[2, 3] 54 Am Jur, Trusts § 307.
[5] 14 Am Jur, Costs § 92.

4. Same—Transfer of Part of Corpus.

   A proposed transfer of part of the corpus of a trust to 1 of 2
   cotrustees which would have the effect of creating 2 trusts in
   place of the 1, contrary to the testator's will, was properly
   denied by both the probate and circuit courts.

5. Costs—Brief.

   No costs are allowed upon affirmance of order of the circuit
   court, where appellee filed no brief.

Appeal from Lenawee; Arch (Charles O.), J., presiding. Submitted October 8, 1959. (Docket No. 42, Calendar No. 48,161.) Decided November 24, 1959.

In the matter of the estate of Elmer M. Jones, deceased, one of the cotrustees petitioned to transfer a portion of trust corpus to an Ohio trustee. Petition denied in probate and circuit courts. Petitioner appeals. Affirmed.

*C. Ralph Kohn,* cotrustee, *in propria persona.*

Smith, J. This case arises out of the denial of a petition to transfer a portion of the trust corpus to an Ohio trustee.

The last will and testament of Elmer M. Jones, of the city of Adrian, contained certain trust provisions. It provided for the payment of an annuity to the testator's wife, should she survive him, and for the accumulation of any income not required for that purpose.* It provided further that, after her death, 60% of the income of the trust was to be paid to Denison University Research Foundation of Granville, Ohio, and the remaining 40% to Adrian College of Adrian, Michigan. The purposes to be accomplished by these charitable gifts were outlined in the will, and the president of Denison University and

* The testator's widow elected to take the statutory share. CLS 1956, § 702.69 (Stat Ann 1957 Cum Supp § 27.3178[139]).

the president of Adrian College were named as trustees.   The former, however, as a resident of Ohio, being disqualified,* another trustee was appointed to act in his place.

The trustee so appointed in place of the president of Denison University has filed a petition in which permission is sought to transfer 60% of the corpus to the president of Denison University, to be held by him in trust for the benefit of Denison University Research Foundation of Granville, Ohio.   In this proposal the petitioner has the concurrence of his cotrustee, of Adrian College, and of Denison University Research Foundation.   Three reasons are advanced in support of the petition:   (1) the transfer "would permit the president of Denison University to act as trustee or cotrustee in accordance with the testator's intentions," (2) "the investment portfolio in each trust could be patterned to meet the requirements of the particular institution," and (3) there would be an "elimination of probable friction and disagreement between cotrustees because of diverse interests and different investment objectives."

The above petition was denied by Circuit Judge Rex B. Martin, acting as probate judge, such denial being affirmed on appeal by Judge Charles O. Arch, presiding by appointment.†   The gist of the holdings was that the testator had intended and set up 1 trust and that it was the duty of the court to uphold the obvious plan and desires of the testator, "even though the beneficiaries and all other persons in the will would think it would be easier and more convenient to dispose of testator's property differently than testator has directed."

---

* See CL 1948, § 704.27 (Stat Ann 1943 Rev § 27.3178 [278]).
† We have omitted, as unessential to our consideration of the legal issues presented, the history of a prior petition to divide the corpus which, likewise, was denied in both the probate and circuit courts.

We construe a will in its entirety, gathering its intent as expressed within the 4 corners of the instrument, not by emphasizing the wording of any isolated paragraph. The instrument before us is replete with references indicating the creation of 1 trust, not 2 or more. Thus, after devising to trustees, the testator then provides that "the income from the principal of said trust" shall be used upon certain conditions, failing which the said income should be turned over to a named fraternity. Paragraph 7 names 2 trustees, further providing for a third "in case of a disagreement" between the 2, the 3 thereafter to "administer the fund as a unit." It is provided, also, in this paragraph, that "the fund" is to be considered as an endowment, "and the interest only used to carry out the work outlined in the 2 institutions."

As opposed to such expressions it is argued that a power of division may be found in the following provision, contained in 1 of the paragraphs of the will, referring to the desirability of agreement between the trustees as to "allotments" to be made:

"It will be to the advantage of the trustees of this fund to agree upon the allotments going to both institutions so that in future years each trustee may, insofar as possible, be responsible for its own share."

The word "allotment," however, as above used, refers to the interest of the beneficiaries, which is in the income, not in the principal. Its meaning becomes clear from an examination of those portions of the will relating to monetary distributions. Thus in 1 paragraph in the will the trustees are directed to pay specific portions of the income of the trust to each institution, in another, it is stated that these specific portions are to be "accrued" to the institutions, and the trustees are to make distributions from income "insofar as it is possible," setting aside each year a

small sum "to provide for unforeseen contingencies, depreciation, taxes, and other expenses." The trustees, then, are given some discretion in making distributions, or allotments, so as to provide most effectively for the financial needs of each institution, but we find not even an inference from the above that the corpus itself is to be divided.

Finally, it is urged upon us that the trustees themselves have the authority to divide the trust corpus, in good faith, and in accordance with their view of the intent of the testator, under the following provision:

"My interpretation of this document shall be left wholly to the decision of the 2 trustees herein named, upon their inability to agree, then to the third one herein provided."

Such a provision in a trust instrument, providing for the exercise of a power of interpretation by the trustees, or the referral of disputes to an umpire, is not uncommon. See 2 Scott, Trusts (2d ed), § 187. The provision thus made does not, however, confer upon the trustees authority to construe the instrument contrary to the plain intention of the testator. *Taylor* v. *McClave,* 128 NJ Eq 109 (15 A2d 213). Nor, as Chief Justice Marshall held in *Pray* v. *Belt,* 26 US (1 Pet) 670 (7 L ed 309), can such a clause prevent a party who conceives himself injured by such construction from putting his case before a court of justice.

The "transfer" proposed in the petition, in effect creating 2 trusts in place of the testator's 1, is contrary to the last will and testament of the testator.

The order of the circuit court for Lenawee county, denying the petition, is affirmed. No costs.

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.