*In re* BRINK ESTATE

BLACK *v.* DETROIT TRUST COMPANY

Appeal from Wayne, Bowles (George E.), J. Submitted Division 1 November 12, 1968, at Detroit. (Docket No. 4,476.)   Decided November 27, 1968.

Petition by Ronny Black for construction of will of George W. Brink.   Will construed to give petitioner $10,000.   Petitioner appeals.   Affirmed.

*Richard E. Manning,* for petitioner.

*Theodore F. Feldman,* for Detroit Bank and Trust Company.

PER CURIAM.   The following opinion was rendered by the trial court:

"Petitioner is the grandson of George W. Brink, deceased, and asks for the construction of decedent's will.   Petitioner prays the court to construe that will to mean the petitioner not only is entitled to the $10,000 specifically bequeathed to him but is also the life-time beneficiary of the trust estate. The trust III provides as follows:

"(1) The entire net income from the trust to wife, for her lifetime, *of not less than $500.00 per month,* with right of trustee to invade the principal to assure such monthly payments.

"(2) Upon death of wife * * * *the trust which has been set aside for my wife,* or the residue thereof, shall be held by trustee * * * *and the following directions shall govern the use, payment and distribution of such trust:*

"2–(1) *'Ten Thousand Dollars ($10,000.00)* of the trust property and estate shall be set up in a trust for the support, education and benefit of my grandson, Ronny Black, to be disbursed by said trustee as at its discretion will be most beneficial to carry out this trust for Ronny Black, and if said fund, at the time my grandson, Ronny Black, attains the age of 21 years, is in an amount of over $5000.00, he shall be paid the income therefrom until he attains the age of 25, and at age of 25, the entire amount is to be paid over to him, and if said amount of this trust is under $5000.00 at the time he arrives at the age of 21, the balance is to be turned over to him on his 21st birthday, and'.

"Petitioner relies, in part, upon III (1) and (2), as well as (3), which provides:

" 'If, in the opinion of the trustee, the income herein provided together with receipts from other sources, shall not be sufficient to suitably support and maintain my wife, and after her death, suitably to support and maintain my grandson, Ronny Black, or in the case of any emergency befalling him, such as illness, accident or extraordinary financial distress; then the trustee is authorized to use and expend such part of the principal of the trust estate as it may deem necessary to make up such deficiency or meet such emergency.'

"Petitioner was approximately seven years of age on November 16, 1949, the date of decedent's will. He argues that a different situation prevails after the widow's death, since the will clearly provides for his support and maintenance with the right to invade principal in the case of illness, accident or emergency or extraordinary financial distress. It is reasoned that the testator intended to take care

of the widow first and after her death, take care
of the grandson. However, that intention is con-
tradicted by III(2) and (5) which terminates the
trust upon the death of the widow. It is reasoned
that the provision for Ronny comes after the pro-
vision for termination of the trust, with the later
provision III(5) providing for termination of the
trust and delivery to the beneficiary, so that this
later provision modifies the former. Finally, it is
said that that construction is favored which will
make a distribution conform to the general rule of
inheritance, a direct descendant being favored.

"There is considerable history here. This will
was allowed probate and distribution as modified
by settlement agreements with Geraldine Black, the
mother of Ronny Black, James R. Brink, Jr., and
Herbert Lorenz, grandsons of deceased.

"Geraldine Black and her sister, Kathleen Cook,
objected to the father's will, resulting in settlement
under the *Dodge Act,* and the grandsons filed objec-
tions and delayed appeal, resulting in the same kind
of a settlement, the settlement agreements being
dated February, 1959, and May, 1960. The settle-
ment agreement was signed by Geraldine Black as
natural guardian of her son, Ronny Black, petitioner
and appellant.

"The general plan of the trust instrument is clear.
First, decedent provided for the payment of his
debts, his burial, administration expenses and es-
tate taxes. Then, under II there was a bequest of
furniture, personal effects and the automobile to
the wife, if she survived; if not, to the trustee to
become part of the trust estate. The decedent in-
tended, it is clear, that the residue of his estate
was to be free of debts and taxes. He also took care
of the disposition of personal items.

"His especial solicitude was for his wife during
her lifetime, with resultant disposition of the residue
under the trust III. It is fundamentally a simple
instrument with the evident controlling considera-

tion being ample provision for the wife. The trust does, in 2–(1) make provision for petitioner here in the language noted *supra*.

"If this Court were to accept petitioner's theory, it would be re-writing the will and would be interpreting that will to mean that after the death of the wife, the entire trust estate was intended to be used for the support and maintenance of petitioner, specifically, that he have support and maintenance for his lifetime and eventually the balance of the trust estate in absolute. This is not what the testator intended; he intended that petitioner be given $10,000.00 in trust for his support, education and benefit, to be disbursed by the trustee as at its discretion would be most beneficial to carry out the trust. The maximum that petitioner was to enjoy was $10,000.00. Had testator intended otherwise, appropriate language could have been chosen without difficulty.

"Furthermore, after the bequest to Ronny, specific bequests were made to the Red Arrow Post, the American Legion in Detroit; to daughter Kathleen Cook; to daughter Geraldine Black, with the balance over to the Detroit Community Trust.

"The testator having chosen to make a plan for the disposition of his estate in clear and unambiguous language, this Court may not now construe it in such a way as to re-write his will. See *Tonnelier* v. *Westin* (1942), 302 Mich 213 and *In re Jones Estate* (1959), 358 Mich 85.

"We hold with appellee."

After a motion for new trial was filed and heard, the court filed a second opinion adopting the original opinion and additionally stated:

"The testator clearly placed a maximum of $10,000.00 out of his estate in trust for grandson Ronny Black, specifically providing that if the trust amount was under $5,000.00, the balance of the amount was to be paid Ronny on his 21st birthday

and that in any event the whole was to be paid at age 25. The figure of $10,000.00 is used once and the figure of $5,000.00 is used twice and the age of Ronny at 21 and 25 years is used twice; the ages are used with specific reference to whether the fund was under or over $5,000.00. With such particular and unambiguous language, it is clear that the intention of the testator was to provide a maximum of $10,000.00 and $5,000.00 at ages 21 and 25 years and negates any intention on the part of the testator to support and maintain Ronny after his 25th birthday or in excess of the amount of $10,000.00.

"Finally, if the testator had wanted to leave the balance of his trust estate after the death of his wife to grandson Ronny, he would not have continued his evident plan of disposition of his estate and trust in the remaining paragraphs. We would note, in passing, that the deceased left, as descendants, two daughters and three grandsons, so Ronny was not the only one who was a natural object of his bounty.

"Fundamentally, as noted in *In re Hicks Estate* (1956), 345 Mich 448, 454:

" 'The evident intent of the testator, as disclosed by the entire will, is controlling, regardless of the contrary results to which we might be led by artificial rules of construction, designed only to aid in ascertaining that intent.'

"Motion for new trial and/or hearing of the issues of the construction of the will is denied."

A review of the record supports the factual determinations made by the court. We agree that the language of the instrument was unambiguous and does not require construction. We adopt the opinion of the trial court.

Affirmed. Costs to appellee.

Lesinski, C. J., and J. H. Gillis and Beer, JJ., concurred.