J-S11033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOSHUA DAVID GLENDYE, | : | |
| | : | |
| Appellant | : | No. 354  MDA 2014 |

Appeal from the PCRA Order entered on January 20, 2014
in the Court of Common Pleas of Lebanon County,
Criminal Division, No(s):  CP-38-CR-0000294-2008;
CP-38-CR-00000353-2008

BEFORE:  PANELLA, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED MARCH 27, 2015**

Joshua David Glendye ("Glendye") appeals from the Order dismissing his first Petition for Relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Additionally, counsel for Glendye has filed a Petition to Withdraw from representation, pursuant to the dictates of ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

A.2d 213 (Pa. Super. 1988) (*en banc*).[2]   We grant counsel's Petition to Withdraw and affirm the Order dismissing Glendye's PCRA Petition.

In its Opinion, the PCRA court set forth the relevant history underlying the instant appeal, which we adopt as though fully stated herein.  **See** PCRA Court Opinion, 1/21/14, at 2-5.

After the bifurcated PCRA hearing, the PCRA court dismissed Glendye's Petition.  Thereafter, Glendye filed the instant timely appeal.  Glendye's counsel has filed a Petition to Withdraw from her representation of Glendye, and an "**Anders**" Brief raising the following claims for our review:

A.  Whether [Glendye's PCRA] Petition was timely filed?

B.  Whether [Glendye] is entitled to relief under the PCRA [] on the basis that he was deprived of effective assistance of counsel because his [plea c]ounsel, Attorney Allan Sodomsky, failed to petition the Court to transfer [Glendye's] case to juvenile court?

"**Anders**" Brief at 4.

Our standard and scope of review are well-settled:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record.  We will not disturb a PCRA court's ruling if

---

[2]  Counsel submitted a brief in the nature of an **Anders** brief.  **See Anders v. California**, 386 U.S. 738, 744 (1967) (setting forth the requirements appointed counsel must satisfy to withdraw from representation during *direct* appeal).  Where counsel seeks to withdraw on appeal from the denial of PCRA relief, a **Turner/Finley** "no-merit letter" is the appropriate filing. However, "[b]ecause an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner/Finley** letter." **Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011) (citation omitted).

it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Further, where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary.

* * *

The **Turner**/**Finley** decisions provide the manner for post-conviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, … then must conduct its own independent evaluation of the record and agree with counsel that the petition [or appeal] is without merit. . . .

**Commonwealth v. Rykard**, 55 A.3d 1177, 1183-84 (Pa. Super. 2012) (some citations and footnote omitted).

Here, counsel has filed a Petition to Withdraw detailing the nature and extent of counsel's independent review, listing the issues that Glendye wished to raise, and explaining why the issues lack merit. Counsel has fulfilled the procedural requirements of **Turner** and **Finley**. Accordingly, we next independently evaluate the record to determine whether the appeal is without merit.

In this case, the PCRA court dismissed Glendye's PCRA Petition as untimely filed. A PCRA petition must be filed within one year of the date the

- 3 -

petitioner's judgment of sentence became final. 42 Pa.C.S.A. § 9545(b)(3). The one-year time limitation is jurisdictional and a PCRA court has no power to address the substantive merits of an untimely petition. ***Commonwealth v. Abu-Jamal***, 833 A.2d 719, 723-24 (Pa. 2003); ***Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 783 (Pa. 2000). The PCRA provides three exceptions to the one-year filing requirement: newly-discovered facts; interference by a government official; and a newly-recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition asserting one of these exceptions must also establish that the exception was raised within 60 days of the date the claim could have been first presented. 42 Pa.C.S.A. § 9545(b)(2). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the [PCRA] court has no power to address the substantive merits of a petitioner's PCRA claims." ***Gamboa-Taylor***, 753 A.2d at 783.

Here, Glendye's judgment of sentence became final in 2008, when the trial court accepted Glendye's negotiated guilty plea to two counts of robbery,[3] and sentenced Glendye to an aggregate prison term of 48 months to 10 years. Glendye filed no appeal from his judgment of sentence. Thus, Glendye's PCRA Petition, filed in 2013, is facially untimely.

---

[3] ***See*** 18 Pa.C.S.A. § 3701.

In his Amended PCRA Petition, Glendye asserted the newly discovered facts exception to the timeliness requirement. In support, Glendye argued that his plea counsel rendered ineffective assistance by not informing him that the charges could be transferred to juvenile court, and by failing to file a petition to transfer the matter to juvenile court. Amended PCRA Petition, 7/31/13, at ¶¶ 3-4. Glendye claimed that "he became aware of this procedure around the time he filed the PCRA Petition." *Id.* at ¶ 6. Glendye further claimed that "he was not able to discover this procedure because of his age and educational background." *Id.*

In its Opinion, the PCRA court addressed Glendye's claim, and concluded that Glendye failed to establish the newly discovered facts exception to the PCRA's timeliness requirement. *See* PCRA Court Opinion, 1/21/14, at 7. We agree with the sound reasoning of the PCRA court, and affirm on this basis. *See id.* We additionally observe the following.

The PCRA court expressly credited the testimony of Glendye's plea counsel, who testified that he did not believe Glendye to be high or intoxicated during any of his meetings with Glendye. *Id.* at 8. The PCRA court further credited counsel's testimony that he had informed Glendye of the possibility of filing a motion to transfer, but advised Glendye of the futility of filing such a motion. *Id.* We defer to the PCRA court's credibility determinations, as they are supported in the record. *See Commonwealth v. Spotz*, 84 A.3d 294, 319 (Pa. 2014) (recognizing that on review, the

appellate court "must defer to the PCRA court's findings of fact and credibility determinations, which are supported by the record.").

Because Glendye failed to establish any exception to the PCRA's timeliness requirement, his PCRA Petition was time-barred and the PCRA court lacked jurisdiction to entertain the Petition. Therefore, the PCRA court properly dismissed Glendye's Petition.

Based upon the foregoing, we agree with Glendye's appellate counsel that the instant appeal lacks merit. We therefore grant counsel's Petition to Withdraw, and affirm the Order of the PCRA court.

Petition to Withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/27/2015



IN THE COURT OF COMMON PLEAS
OF LEBANON COUNTY, PENNSYLVANIA

CRIMINAL DIVISION – PCRA

COMMONWEALTH
OF   PENNSYLVANIA

                 :

                 :

                 :

                 :     No. CP-38-CR-294-2008

                 :     No. CP-38-CR-353-2008

                 :

v.                 :

                 :

                 :

                 :

JOSHUA DAVID GLENDYE    :

APPEARANCES:
Pier Hess, Assistant District Attorney        For the Commonwealth
Elizabeth Judd, Assistant Public Defender    For Joshua David Glendye

OPINION BY EBY, S.J., JANUARY 21, 2014:

Before the Court is the Amended Petition of Joshua Glendye, Defendant, filed by his court-appointed PCRA counsel pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §9541 *et seq.* The Defendant's Amended PCRA Petition argues he is entitled to post-conviction relief on the basis that he was deprived of effective assistance of counsel because his privately retained trial attorney failed to petition this Court to transfer two adult armed robbery charges against him to juvenile court, as authorized under 42 Pa.C.S.A. §6322. After a thorough review of the testimony and evidence presented at a bifurcated PCRA hearing held on October 18 and October 24, 2013, the filings submitted by both parties, and the complete record of the case, we disagree. We will deny the relief sought by Defendant and dismiss his Petition.

1

## I. PROCEDURAL HISTORY

On February 29, 2008, the Commonwealth filed Criminal Informations against the Defendant alleging that he participated in two armed robberies of Lebanon County convenience stores on January 23 and 24, 2008. At action number CP-38-CR-294-2008, the Information alleges that the Defendant entered Top Star Express on January 23, 2008, and demanded money from the cash register while displaying a pistol. As a result, he was charged with Robbery (18 Pa.C.S.A. §3701(A)(1)(ii)); Conspiracy to Commit Robbery (18 Pa.C.S.A. §903); Simple Assault (18 Pa.C.S.A. §2701(A)(3); and Theft (18 Pa.C.S.A. §3921(A). At action number CP-38-CR-353-2008, the Information alleges that the Defendant entered the North Cornwall Township Sheetz on January 24, 2008, and demanded money from the cash register while displaying a semi-automatic weapon. As a result, he was charged with Robbery (18 Pa.C.S.A. §3701(A)(1)(ii)); Conspiracy to Commit Robbery (18 Pa.C.S.A. §903); Simple Assault (18 Pa.C.S.A. §2701(A)(3); Conspiracy to Commit Simple Assault (18 Pa.C.S.A. §903); Theft (18 Pa.C.S.A. §3921(A); and Conspiracy to Commit Theft (18 Pa.C.S.A. §903). The Defendant was 17 years, nine months of ageon the dates the offenses were committed.

Attorney Allan Sodomsky was privately retained by the Defendant to represent him on the charges. Attorney Sodomsky did not file a motion to transfer the charges against the Defendant under 42 Pa.C.S.A. §6322(A), but instead pursued a negotiated plea agreement with the Commonwealth. Under the plea agreement, the Commonwealth agreed to drop the five year mandatory minimum on each armed robbery and permit the Defendant to instead be sentenced to a minimum of 48 months

2

to ten years on each robbery, with the Court to decide whether the sentences on each action number would be consecutive or concurrent. On May 22, 2008, the Defendant pleaded guilty pursuant to that negotiated plea agreement.

On July 2, 2008, this Court accepted the negotiated plea agreement and sentenced the Defendant to concurrent sentences on both action numbers. Thus, in addition to the imposition of fines and costs, the Defendant received an aggregate prison term on both action numbers of 48 months to ten years. Immediately following the imposition of sentence, the Court informed the Defendant of his right to appeal, and the Defendant executed a post-sentence colloquy indicating the same. The Defendant filed no direct appeal.

On June 10, 2013, the Defendant filed a pro se PCRA Petition alleging that this Court had no jurisdiction to accept the Defendant's plea and sentence the Defendant, because he was a juvenile at the time of the offenses with which he was charged. The Petition argued the Commonwealth had improperly filed the charges directly in adult court, without following the certification procedure specified in the Juvenile Act. On June 13, 2013, this Court appointed the Public Defender as counsel for the Defendant and issued a rule on the Commonwealth to show cause why a hearing should not be held on the Defendant's Petition. On June 21, 2013, the Commonwealth filed its response.

On July 10, 2013, we issued a detailed Order under Pa.R.Crim.P. 907(1) indicating our intention to dismiss the Defendant's pro se Petition without a hearing. Our Order noted that the Defendant's Petition, filed almost five years after his judgment of

3

sentence became final, was untimely under the timeliness requirements of 42 Pa.C.S.A. §9545 (b)(3) and further did not plead any exceptions to those requirements. Therefore, we found we had no jurisdiction to consider Defendant's claims for relief. Additionally, our July 10 Order explained that, even had the Defendant's Petition been timely or successfully pleaded one of the enumerated exceptions to the timeliness requirements of the Act, the Defendant would not be entitled to relief on the underlying issue of his Petition. We noted that the Defendant had been charged with and pleaded guilty to Robbery charged as 18 Pa.C.S.A. §3701(A)(1)(ii), an offense which is expressly excluded from those offenses defined as "delinquent acts" under the Juvenile Act. Since we concluded as a matter of law that Defendant's charges were therefore appropriately filed directly in the Court of Common Pleas, we found that the Defendant's Petition raised no genuine issues of fact; that the Defendant was not entitled to relief; and that no purpose would be served by any further proceedings. Indicating our intention to dismiss the Defendant's Petition without a hearing, we afforded the Defendant twenty (20) days to file either an amended PCRA Petition or a response to our Order sufficiently pleading the factual and legal bases which entitled him to relief.

On July 31, 2013, the Defendant's appointed counsel filed an Amended PCRA Petition. The Amended Petition pleaded the §9545(b)(1)(ii) exception to the timeliness requirements of the Act, alleging that the law and facts surrounding his ability to petition the court to transfer his case to juvenile court were previously unknown to him and that he could not have known their existence by the exercise of due diligence. As to the underlying issue of the pro se Petition, the Defendant through counsel conceded that the Robbery charges lodged against the Defendant were properly directly filed in the

Court of Common Pleas; however, the Defendant argued that trial counsel was ineffective for failing to file a motion to transfer the charges to juvenile court as authorized by under 42 Pa.C.S.A. §6322.

On August 8, 2013, noting that the Amended Petition raised new issues not addressed by the Commonwealth in its Response to the Defendant's pro se Petition, we issued a new Rule upon the Commonwealth, affording it twenty days to respond to the new allegations contained in the Amended Petition. On September 11, 2013, the Defendant filed a Petition for a Hearing, because the Commonwealth had not filed a Response to our Rule within 20 days. On September 12, the Commonwealth filed a Response. On September 26, we issued an Order scheduling a PCRA hearing on the Defendant's Amended Petition for October 15, 2013.

On September 26, 2013, the Commonwealth petitioned for a continuance of the October 15, 2013 hearing due to scheduling conflicts. We granted the continuance, and a bifurcated PCRA hearing was held on October 18 and 24, 2013.[1]

The Defendant's case is now ripe for our review.

## II. Discussion

The Defendant's Amended Petition raises two potential issues for our review:

A. Has the Defendant successfully pleaded and proven an exception to the timeliness requirements to the Post Conviction Collateral Relief Act; and

---

[1] We issued an Order rescheduling the hearing on the Defendant's Amended Petition for October 18, 2013. Following that rescheduling Order, we learned that Attorney Sodomsky was unavailable to testify on that date. The parties thereafter agreed to a bifurcated proceeding in which the Defendant would testify on October 18, 2013, and Attorney Sodomsky would testify on October 24, 2013.

5

B. If so, was trial counsel ineffective for failing to file a Motion to Transfer from Criminal Proceedings to Juvenile Proceedings?

The resolution of both of those issues is at least partially dependent upon the testimony adduced at the PCRA hearing regarding the discussions between the Defendant and Attorney Sodomsky as they met and and reviewed the charges filed against the Defendant.

## A. Timeliness

The Defendant concedes that his original Petition, filed on June 10, 2013, is untimely on its face. The PCRA requires that a petition seeking post-conviction collateral relief must be filed within one year of the date that judgment becomes final. 42 Pa.C.S. §9545(b)(1). A judgment becomes final at the conclusion of direct review of at the expiration of time for seeking the review. 42 Pa.C.S. §9545(b)(3). As noted above, the Defendant was sentenced by this Court on July 2, 2008. From that date, he had 30 days to appeal his judgment of sentence. Because he did not file an appeal, his judgment of sentence became final on August 1, 2008, and he had until August 1, 2009, to file for relief under the PCRA. Thus, the Defendant's pro se petition filed on June 10, 2013, was clearly well outside the permitted timeframe.

The PCRA does enumerate three specific exceptions to that one year timeframe. Those exceptions are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

6

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §9545(b)(1).

The Defendant's counseled Amended Petition asserts that the facts of his case fulfill the second of the enumerated exceptions. It argues that the law and facts surrounding the Defendant's ability to petition the court to transfer his case to juvenile court were previously unknown to him and that he could not have known their existence by the exercise of due diligence. Our review of the record of the case and the testimony of the PCRA hearing persuades us that the Defendant is not entitled to the benefit of this exception.

We begin by addressing the Defendant's claim that, at the time of his plea, he was unaware of the statute permitting a juvenile to petition to transfer criminal proceedings to the juvenile system, and he could not have discovered this procedure within the timeframe provided by the PCRA because of his age and educational background. We note first that we do not believe, as a matter of law, that the Defendant has pleaded adequate facts to support the (b)(1)(ii) exception. The Defendant's position at the PCRA hearing was that he became aware of the possibility of a motion for transfer nearly five years after his sentencing by talking with other inmates and looking around in the prison law library. He failed to testify, however, as to how his age and educational background precluded him from conducting that same search and having those same conversations years before. Due diligence requires that Appellant take

7

such steps to protect his own interests. *Commonwealth v. Carr*, 2000 PA Super 54, 768 A.2d1164, 1168 (Pa. Super. 2001)   We do not believe that the facts as alleged establish the exercise of due diligence on Defendant's part. Nor do we believe that the discovery of preexisting case or statutory law qualifies under this exception. *See Commonwealth v. Perry*, 716 A.2d 1259, 1262 n.5 (Pa. Super. 1998).

We are also unpersuaded as to the veracity of the Defendant's testimony regarding the factual claims underlying his argument. At the hearing on October 18, the Defendant testified that, although confined at the Lebanon County Correctional Facility, he was high each time he met with Attorney Sodomsky. Nonetheless, he specifically remembers that Attorney Sodomsky never discussed with him the possibility of a motion to transfer.

In direct conflict to the Defendant's testimony, Attorney Sodomsky testified that he met with the Defendant on approximately five occasions. During none of those meetings did he believe the Defendant was high or intoxicated. (N.T. 10/24/13 at 9-10) Attorney Sodomsky further testified that, on January 31, 2008, he met with the Defendant prior to the preliminary hearing and specifically discussed with him the possibility of a motion to transfer at that time. (N.T. 10/24/13 at 6) He indicated that he advised the Defendant against filing a motion to transfer because, in counsel's professional opinion, such a motion would be futile, because the Defendant had previously been in the juvenile system in Berks County; he had a prior juvenile record for weapons offenses; and, since the Defendant was almost 18 at the time of offenses, it would be difficult to persuade the Court that he would be amenable to treatment within the juvenile system given the short period of time before his 21st birthday. (N.T.

8

10/24/13 at 7) Significantly, Attorney Sodomsky also testified that the Defendant told him he didn't want to have anything to do with the juvenile system; he just wanted to go to prison and do his time. (N.T. 10/24/13 at 8) The Defendant was focused instead on his attorney negotiating as little time as possible on the charges within the adult system. (N.T. 10/24/13 at 8)

This Court found the testimony of Attorney Sodomsky to be both credible and persuasive. Thus, as both a question of fact and a question of law, we find that the Defendant has not successfully pleaded nor proven an exception to the timeliness requirements of the PCRA. Therefore, this Court is without jurisdiction to consider Defendant's claims for relief. *Commonwealth v. Robinson*, 575 Pa. 500, 837 A. 2d 1157, 1161 (2003).

## B. Ineffectiveness of counsel

Even if we were to find that the Defendant had successfully pleaded and proven an exception to the timeliness requirements of the Act, we would still deny relief on the underlying issue of the Defendant's Petition-- counsel's alleged ineffectiveness for failing to file a motion to transfer the proceedings to the juvenile system.

Trial counsel will always be presumed effective, and the Defendant bears the burden of proving otherwise. *Commonwealth v. Lewis*, 708 A.2d 497, 500 (1988). To prevail on a claim of ineffective assistance of counsel, a defendant must show that: his claim was of arguable merit; there was no reasonable basis for counsel's conduct; and counsel's conduct prejudiced the client. *Commonwealth v. Johnson*, 875 A.2d 328, 331 (Pa. Super. 2005). If a defendant fails to meet any of the prongs of the test, he is not

9

entitled to relief. *Commonwealth v. Natividad*, 595 Pa. 188, 938 A.2d 310 (2007). If a defendant fails to demonstrate that the underlying claim is of arguable merit, the ineffectiveness claim may be dismissed on that ground alone and it is not necessary to consider the other two factors. *Commonwealth v. DiNicola*, 751 A.2d 197, 198 (Pa. Super. 2000).

If a defendant's underlying claim is of arguable merit, then we must examine the action chosen by trial counsel in order to ascertain if that action was designed to effectuate the defendant's interest. *DiNicola*, 751 A.2d at 198. Worded differently, counsel whose effectiveness is being challenged must have a reasonable basis for his or her actions or failure to act. The fact that trial counsel's strategy may not ultimately have led to an acquittal does not render the strategy legally deficient. *Commonwealth v. Spotz* , 587 Pa. 1, 896 A.2d 1191 (2006). The Defendant must then establish that but for counsel's deficient performance, the result of his trial would likely have been different. *DiNicola*, 751 A.2d at 198.

The Defendant cannot meet his burden of proof on this issue for several reasons. First, as noted previously, we find Attorney Sodomsky's testimony credible that the Defendant told him not to file the motion to transfer, because the Defendant no longer wanted anything to do with the juvenile system. Second, we are persuaded that, based upon the stated wishes of the Defendant and the facts of both the Defendant's pending criminal offenses and past juvenile history, counsel had a reasonable basis for believing such a motion would be futile. Counsel's stated strategy of attempting instead to persuade the Commonwealth to offer a negotiated plea agreement in which the Commonwealth would waive the five year mandatory minimums on the armed robbery

charges and permit the Defendant to argue for concurrent sentences on the two action numbers was a reasonable one. Ultimately, although not necessary to prove counsel's effectiveness, Attorney Sodomsky's strategy was successful. The Commonwealth waived the mandatory minimums, and the Defendant received concurrent sentences on the two action numbers. Finally, had Attorney Sodomsky filed a motion to transfer, we do not believe that such a motion would have ultimately resulted in the Defendant's charges being transferred to the juvenile system. The Defendant had a past juvenile history involving firearms charges; his age left little time for treatment before age 21; and the facts of the Defendant's pending charges were extremely serious. We do not believe that such a motion would have been successful, and it is possible that, after pursuing that motion without success, the Defendant's ability to pursue a favorable plea agreement from the Commonwealth may have been compromised.

Therefore, even if we were to find that the Defendant had successfully established an exception to the timeliness requirements of the PCRA, we would find that he was not entitled to relief on the claim of ineffectiveness of counsel raised by his Amended Petition. Accordingly, we will enter an Order denying relief and dismissing the Petition before us.